IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | | C O M P L A I N T |
| | | JURY TRIAL DEMAND |
| v. | | |
| PERFORMANCE OF BRENTWOOD, L.P., d/b/a Lexus of Cool Springs, | | |
| Defendant. | | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Heather Peek who was adversely affected by such practices. As alleged with greater particularity in paragraphs 12(a)-(bb) below, Plaintiff Equal Employment Opportunity Commission claims Defendant Performance of Brentwood, L.P., d/b/a Lexus of Cool Springs, subjected Peek to different terms and conditions of employment than similarly-situated male co-workers and discharged her because of her sex, female.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer, Performance of Brentwood, L.P., d/b/a Lexus of Cool Springs, ("Lexus of Cool Springs"), has continuously been a Tennessee partnership doing business in the State of Tennessee and the City of Brentwood, and has continuously had at least 15 employees.

5. At all relevant times, Lexus of Cool Springs has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Heather Peek filed a charge of discrimination with the Commission alleging violations of Title VII by Lexus of Cool Springs.

7. On May 22, 2019, the Commission issued to Lexus of Cool Springs a Letter of Determination finding reasonable cause to believe that Title VII of the Civil Rights Act of

1964 was violated and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Lexus of Cool Springs to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Lexus of Cool Springs a conciliation agreement acceptable to the Commission.

10. On August 5, 2019, the Commission issued to Lexus of Cool Springs a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least April 2017, Lexus of Cool Springs has engaged in unlawful employment practices at its dealership in violation of Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

(a) The unlawful employment practices include subjecting Peek to different terms and conditions of employment than similarly-situated male co-workers and discharging Peek because of her sex, female.

(b) In 2004, Heather Peek began working as a Service Consultant at Lexus of Cool Springs.

(c) Performance of Brentwood, L.P., owns and operates two Lexus car dealerships in the greater Nashville area. Lexus of Cool Springs is one of those dealerships.

(d) Lexus of Cool Springs admits Ms. Peek's performance was satisfactory.

3

(e) For the majority of months during her employment, Peek was the top producer or second top producer among all Service Consultants.

(f) In April 2017, Neal MacEachron became Service Director at Lexus of Cool Springs.

(g) MacEachron succeeded John Mahoney. Mahoney can attest that Peek was his top performer as Service Consultant.

(h) When MacEachron began as Service Director, the dealership had two female Service Consultants, one of whom was Peek.

(i) During lulls in the workday, MacEachron would fraternize with the males in the service department and have conversations with the men, but MacEachron would not talk with Peek.

(j) In his first weeks on the job, MacEachron directed Service Department employees to sign a document promising not to use the restrooms that were accessible to customers, but to use only the restroom in the shop.

(k) Most of the Service Department employees were male.

(l) The stalls in the shop restroom lacked doors.

(m) In May 2017, MacEachron hired two male Service Consultants.

(n) MacEachron permitted these new hires to take at least five days of vacation between the date of their hire and the end of June 2017, despite their lack of entitlement to that amount of vacation under the dealership's written policies.

(o) In June 2017, the only female Service Consultant other than Peek ended her employment with the dealership because she perceived that MacEachron had treated her unfairly.

4

Case 3:20-cv-00795   Document 1   Filed 09/16/20   Page 4 of 8 PageID #: 4

(p) As of July 3, 2017, Peek had 96 hours of vacation available. She also had one paid sick day available.

(q) On July 3, 2017, at 5:29 AM, Peek sent a text message to Service Consultant Jimmy Wiseman and Shop Foreman Ben King which stated "I will not be in … not feeling well enough to come in. Please tell Neal."

(r) The dealership's written policies established that workers, in addition to paid sick leave, could take up to three days per year of unpaid sick leave, which explicitly included "no call/no show" days.

(s) The dealership closed July 4 for the Independence Day holiday. On July 5, when Peek reported to work in the morning, Peek found a box with her belongings on her desk.

(t) MacEachron signed the official Tennessee Department of Labor Separation Notice. 7/3/17 is the date next to his signature. In the large rectangular box that asks the employer to "explain the circumstances of this separation," "Poor Attendance" are the only words typed.

(u) MacEachron had not issued Peek any written warnings about her attendance prior to her firing, allegedly for "Poor Attendance."

(v) Prior to taking a sick day on July 3, Peek had worked eight of the nine previous days the dealership was open. Peek had worked over 50 hours the previous week.

(w) On Saturday, July 1, 2017, Peek was the only Service Consultant at work.

(x) Three Service Consultants worked on Monday, July 3.

(y) Lexus of Cool Springs' business operations were not compromised by Peek taking a sick day on July 3, 2017.

(z) Once Lexus of Cool Springs fired Peek, the dealership had no women working as Service Consultants by August 2017.

(aa) MacEachron hired a male to succeed Peek as Service Consultant.

(bb) MacEachron and Lexus of Cool Springs treated Peek differently, and worse, than the male Service Consultants.

13. The effect of the practice(s) complained of in paragraphs 12(a)-(bb) above has been to deprive Heather Peek of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

14. The unlawful employment practices complained of in paragraphs 12(a)-(bb) above were intentional.

15. The unlawful employment practices complained of in paragraphs 12(a)-(bb) above were done with malice or with reckless indifference to the federally protected rights of Heather Peek.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Peek by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Heather Peek.

  D. Order Defendant Employer to make whole Peek by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12(a)-(bb) above, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Peek by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12(a)-(bb) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Peek punitive damages for its malicious and reckless conduct described in paragraphs 12(a)-(bb) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

s/Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
Faye.williams@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
OFFICE OF GENERAL COUNSEL
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 544-0088


TIMOTHY M. BOWNE
Supervisory Trial Attorney
Texas Bar No. 00793371


ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN 38104
(901) 544-0140

8